UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DYLAN GUERRERO,

      Plaintiff,

v.

                                CASE No. 8:09-CV-1836-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments following termination of his child's benefits upon reaching age 18.[*]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

Dylan Guerrero was born on May 14, 1989, and was 19 years old at the time of the administrative hearing (Tr. 60, 238).  The plaintiff, before

_____

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

he was 18, filed a claim for supplemental security income through his mother, alleging that he was disabled because of mental retardation and attention deficit hyperactivity disorder (ADHD). The plaintiff was awarded benefits beginning March 1, 1998 (Tr. 23).

Under the Social Security Act, the plaintiff's award was automatically reconsidered when he reached age 18 in May 2007 (Tr. 84). 42 U.S.C. 1382c(a)(3)(H)(iii). At that point, he was treated as an applicant for adult benefits. 20 C.F.R. 416.987(b). Upon review, the plaintiff was determined not to be disabled (Tr. 74). That determination was upheld on reconsideration after a hearing before a disability hearing officer (Tr. 52-58).

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of borderline intellectual functioning and ADHD (Tr. 19). He concluded that these impairments allowed the plaintiff to perform medium work involving simple and routine instructions with a mild limitation in his ability to interact appropriately with the general public, coworkers, and supervisors (Tr. 21). The law judge noted that the plaintiff had no work experience. However, based upon the testimony of a vocational expert, the

-2-

law judge ruled that jobs exist in the national economy in significant numbers that the plaintiff could perform, such as auto detailer, greenhouse worker, and general helper (Tr. 26).   Accordingly, the law judge decided that the plaintiff's disability ended on July 1, 2007 (id.).   The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. 1382c(a)(3)(A).   A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff in his memorandum raises only the contention that the law judge erred by failing to conclude that the plaintiff met the requirements of listing 12.05 C of Appendix 1 (Doc. 16, p. 6). This contention lacks merit. Moreover, in light of the scheduling Order (Doc. 11, p. 2), any other contentions are deemed abandoned.

A condition listed in Appendix 1 is considered so severe that a plaintiff who meets, or equals, a listing is deemed disabled without regard to vocational considerations. 20 C.F.R. Part 404, Subpart P, Appendix 1; Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). The plaintiff bears the burden of showing that he meets, or equals, a listing. McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). Moreover, "when a claimant contends that he has an impairment meeting the listed impairments entitling him to an adjudication of disability under regulation [416.920(d)],

he must present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency." <u>Bell</u> v. <u>Bowen</u>, 796 F.2d 1350, 1353 (11th Cir. 1986).

The plaintiff contends that he meets listing 12.05 C of Appendix 1. That listing states:

> 12.05 *Mental Retardation*:  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; ...

On May 14, 2007, the plaintiff turned age 18. In connection with the redetermination of his benefits as an adult, the Social Security Administration sent the plaintiff to a consultative examination to have his mental abilities reassessed. Clinical psychologist Angel R. Martinez, Ph.D., administered the Wechsler Adult Intelligence Scale test (WAIS-III), and concluded that the plaintiff had a verbal IQ score of 73, a performance IQ score of 77, and a full scale IQ score of 73 (Tr. 225). Further, Dr. Martinez opined that the plaintiff's "adaptive function based on the interview is higher than one would expect for his level of cognitive ability" (Tr. 226). He, therefore, concluded that the plaintiff "functions more within the borderline range than the mentally retarded range of abilities" (Tr. 226, 227-28).

The law judge found that "the 'paragraph C' criteria of listing 12.05 are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function" (Tr. 21). This finding is clearly supported by substantial evidence. Thus, Dr. Martinez determined that, after the plaintiff reached age 18, he had

a verbal IQ score of 73, a performance IQ score of 77, and a full scale IQ score of 73 (Tr. 225).

The plaintiff predicates his argument on IQ scores the plaintiff attained when he was 13. The plaintiff was found disabled beginning March 1, 1998, under the childhood listing for mental retardation of listing 112.05 C. That determination was based, in part, on the results of a July 22, 2002, Wechsler Intelligence Scale for Children test (WISC-III), revealing that the plaintiff, at age 13, obtained a verbal IQ score of 59, a performance IQ score of 68, and a full-scale IQ score of 60 (Tr. 23).

The plaintiff argues that the principles of res judicata compelled the law judge to find that the plaintiff was disabled when he reached age 18 (Doc. 16, pp. 6-8). This contention lacks merit.

In the first place, the Social Security Act negates the application of res judicata in these circumstances. Under the Act, the plaintiff's childhood award was to be redetermined when he reached age 18 "by applying the criteria used in determining initial eligibility for individuals who are age 18 or older." 42 U.S.C. 1382c(a)(3)(H)(iii). The regulations provide that the claimant may be found not now disabled even though he was previously found

-8-

disabled. 20 C.F.R. 416.987(a)(2). The import of these provisions is that the redetermination was to be a fresh evaluation under what could be different criteria. Under these circumstances, Congress could not reasonably have intended that the childhood disability finding be binding on the adult redetermination.

In addition, as the Commissioner points out, res judicata would not apply to the period after the plaintiff turned 18. The Eleventh Circuit has stated that, when "the factual time period for [the claimant's] current application is different from [the] previous application, administrative *res judicata* does not apply." Luckey v. Astrue, 331 Fed. Appx. 634, 638 (11th Cir. 2009)(unpub. dec.); see also McKinzie v. Commissioner of Social Security, 362 Fed. Appx. 71, 73 (11th Cir. 2010) (unpub. dec.). Because the plaintiff's current claim concerns a different period than his childhood application, res judicata is inapplicable.

The plaintiff makes additional arguments in an attempt to show that the law judge should have found the plaintiff disabled under listing 12.05 C. They are unpersuasive.

The plaintiff asserts that there is insufficient evidence to show that his condition significantly improved (Doc. 16, p. 6). As a matter of fact, that is not true. The plaintiff's IQ scores at age 18 improved significantly from his IQ scores at age 13. Regardless, as the Commissioner points out, the Social Security Act and the regulations provide that, for the age 18 redetermination, improvement of the claimant's condition is not a requirement. 42 U.S.C. 1382c(a)(3)(H)(iii); 20 C.F.R. 416.987(b).

In addition, the plaintiff, citing to the <u>Diagnostic and Statistical Manual of Mental Disorders</u>, contends that "I.Q. scores are thought to have an error of measurement of approximately five points" (Doc. 16, p. 10). The Commissioner correctly responds that he "is entitled to rely on the plain language of subsection C of Listing 12.05, which does not include any reference to a statistical or standard error of measurement" (Doc. 17, p. 12).

The Commissioner, in establishing a five-step sequential analysis, provided a step three criteria which would grant a claimant benefits without regard to the consideration of vocational factors upon a showing of a very severe condition. In creating this short-cut to disability, the Commissioner could reasonably, and fairly, set out strict requirements. Consequently, the

-10-

Commissioner could properly demand that the criteria be met, or equaled; stretching them, or coming close, is not good enough.  Accordingly, the Third Circuit in <u>Burns</u> v. <u>Barnhart</u>, 312 F.3d 113, 125-26 (3rd Cir. 2002), rejected the very argument the plaintiff is making here regarding the margin of error.  <u>See also</u> <u>Anderson</u> v. <u>Sullivan</u>, 925 F.2d 220, 223 (7th Cir. 1991).

In sum, the plaintiff's recent IQ scores clearly support the law judge's finding that the plaintiff did not meet, or equal, listing 12.05 C.  The evidence certainly does not compel a finding that the plaintiff met, or equaled, that listing.  <u>See</u> <u>Adefemi</u> v. <u>Ashcroft</u>, <u>supra</u>.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED.  The Clerk shall enter judgment in accordance with this Order and CLOSE the case.

DONE and ORDERED at Tampa, Florida, this 25th day of August, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-11-